IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DUSTIN BROOKS )
)
v. ) NO. 1:15-0068
)
DOUGLAS MONROE, et al. )

TO: Honorable Kevin H. Sharp, Chief District Judge

# REPORT AND RECOMENDATION

By Order entered August 11, 2015 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are a motion for summary judgment (Docket Entry No. 21) filed by Defendant Chassie Harris and a motion to dismiss (Docket Entry No. 13) and Motion for summary judgment (Docket Entry No. 28) filed by Defendant Douglas Monroe. Plaintiff has not responded to the motions.[1] For the reasons set out below, the Court recommends that the motions be granted and this action be dismissed.

---

[1] By several Orders, Plaintiff was notified of the motions and given deadlines to file a response. *See* Docket Entry Nos. 15, 25, and 37. These deadlines have expired.

## I. BACKGROUND

Plaintiff is a former prisoner who was held as a convicted inmate at the Maury County Jail ("Jail") in Columbia, Tennessee.[2] On August 3, 2015, he filed this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 seeking damages based upon events occurring at the Jail. Plaintiff alleges that he and Douglas Monroe ("Monroe"), a Jail correctional officer, exchanged heated words on June 24, 2015, after Plaintiff complained that Monroe had confiscated items from Plaintiff's cell. *See* Complaint (Docket Entry No. 1) at 6. Plaintiff alleges that Monroe then entered Plaintiff's cell, grabbed Plaintiff by the neck, slammed him onto the sleeping platform, and pressed his forearm into Plaintiff's face and mouth. *Id*. at 7. Plaintiff further alleges that his repeated requests after the attack for medial treatment of neck pain were denied by Jail Nurse Chassie Harris ("Harris"). *Id*. at 7-8.

By the Order of referral, the Court found that Plaintiff had alleged colorable constitutional claims and ordered that process issue to Monroe and Harris.[3] Upon Defendants' answers to the Complaint, *see* Docket Entry Nos. 9 and 12, a scheduling order was entered, providing for a period of pretrial activity in the action.

In her motion for summary judgment, Defendant Harris argues that the undisputed facts establish that Plaintiff did not suffer from a serious medical need and that he received timely and appropriate medical care for any medical complaints he made. *See* Docket Entry No. 21. Defendant

---

[2] Recent mail from the Court to Plaintiff has been returned as undeliverable and suggests that Plaintiff is no longer incarcerated at the Jail. *See* Docket Entry Nos. 40-41. Although Plaintiff was notified in the scheduling order that he needed to keep the Court and opposing parties informed of his current address, he has not filed a change of address notice, and the only address of record for Plaintiff is the address of the Jail.

[3] Plaintiff's claims against another defendant named in the Complaint, Jail supervisor Craig D'Apolito, were dismissed. *See* Docket Entry No. 3 at 3-4.

Harris contends that there is no proof that she violated Plaintiff's constitutional rights in any manner and that, to the contrary, prison records show that Plaintiff deceitfully manufactured his allegations with respect to the number and timing of his requests for medical care. *Id*. Defendant Harris supports her motion with her own affidavit (Docket Entry No. 21-1) and with copies of Plaintiff's medical records (Docket Entry No. 22-1).

By his motion to dismiss, Defendant Monroe argues that there are no facts alleged in the Complaint that support an official capacity claim against him, which is essentially a claim of municipal liability against Maury County. *See* Docket Entry No. 13. In his motion for summary judgment, Defendant Monroe contends that the undisputed facts show that Plaintiff was a combative and noncompliant inmate at the Jail and that his conduct on June 24, 2015, required Defendant Monroe to use an amount of force against him in good faith that was both necessary and legitimately needed to control Plaintiff and minimal in its scope and harm. Defendant Monroe also raises the defenses of qualified immunity, failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), and failure to allege a physical injury as required by 42 U.S.C. § 1997e(e). Defendant Monroe supports his motion with his own declaration (Docket Entry No. 33) and Jail records attached thereto (Docket Entry No. 33-1 to 33-9), with the declarations of Adam Nolan (Docket Entry No. 35), a corrections officer at the Jail, and John Distasio (Docket Entry No. 36), an inmate at the Jail.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the

Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## III. CONCLUSIONS

A. The Applicable Constitutional Standards

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate, *Whitley v. Albers*, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), and the unjustified infliction of bodily harm upon a prisoner by a prison guard gives rise to a claim under 42 U.S.C. § 1983. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992); *Franklin v. Aycock*, 795 F.2d 1253, 1258 (6th Cir. 1986). Additionally, the government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Because the Eighth Amendment does not protect against ordinary torts or claims of negligence, Plaintiff's claims require proof of a level of objective severity and mental culpability that is necessary to implicate constitutional protections. Accordingly, Plaintiff must show that he was subjected to an action that rises to the level of constitutional magnitude. *See Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). *De minimis* actions, provided they are not the sort that are "repugnant to the conscience of mankind," do not fall within the scope of constitutional protection. *Id.*; *Leary v. Livingston Cnty.*, 528 F.3d 438, 443 (6th Cir. 2008).

B. Merits of Plaintiff's Claims

Although Plaintiff's allegations were sufficient to permit the case to survive initial frivolity review under 28 U.S.C. §§ 1915 and 1915A, Plaintiff has not responded to the arguments made by Defendants in their dispositive motions and has not responded to their Statements of Undisputed

Facts (Docket Entry Nos. 24 and 30) as required by Rule 56.01(c) of the Local Rules of Court. When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motions filed by Defendants, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on a critical issue. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).

Plaintiff's *pro se* status does not relieve him of his obligation to set forth or point to admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Because Plaintiff has not offered any actual evidence supporting his version of the facts alleged in his Complaint, the only evidence in the record is that provided by Defendants. This evidence, even when viewed in the light most favorable to Plaintiff as the non-moving party, shows that 1) Plaintiff was not subjected to a use of force by Defendant Monroe that contravened Eighth Amendment standards, and 2) Defendant Harris did not act with deliberate indifference toward a serious medical need of Plaintiff. In the end, there is no evidence before the Court showing that Plaintiff was treated in a manner that violated his constitutional rights. Based upon the evidence that

is before the Court and in light of the complete lack of evidence from Plaintiff in support of his allegations, no reasonable jury could find in favor of Plaintiff on his claims and Defendants are entitled to summary judgment in their favor on the merits of Plaintiff's claims.

The Court's finding that there is no evidence that a constitutional violation occurred is sufficient to warrant dismissal of Plaintiff's claims without full analysis of the qualified immunity defense raised by Defendant Monroe. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009). Further, given the complete lack of evidence supporting Plaintiff's claims, the Court finds it unnecessary to address any of the alternative arguments for dismissal raised by Defendants.

## RECOMMENDATION

Based on the forgoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 21) filed by Defendant Chassie Harris and the motion to dismiss (Docket Entry No. 13) and Motion for summary judgment (Docket Entry No. 28) filed by Defendant Douglas Monroe be GRANTED and that this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's

Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge